IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRYSTAL HILBORN, et al.,**                                                                                    **PLAINTIFFS**
Each Individually and on behalf of
Others Similarly Situated

v.                                          No. 4:11CV00197 BSM

**PRIME TIME CLUB, INC.,**                                                                                      **DEFENDANT**
Individually and d/b/a PRIME TIME

### ORDER

The motion for summary judgment of defendant Prime Time Club, Inc. ("Prime Time") [Doc. No. 86] is granted for the reasons set forth below.

### I.  BACKGROUND

Prime Time is a gentlemen's club in Little Rock, Arkansas and plaintiffs are former exotic dancers who performed at the nightclub. The main issue presented is whether Prime Time is an "employer" and whether plaintiffs were "employees" as defined by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act ("AMWA").

### II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, after viewing the evidence in the light most favorable to plaintiffs, no genuine issues of material fact exist and Prime Time is entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). Plaintiffs cannot survive the motions for summary judgment merely by pointing to disputed facts; the facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). If the facts alleged by plaintiffs, when viewed in the light most

favorable to their case, would not allow a reasonable jury to find in their favor, then summary judgment should be granted in favor of Prime Time. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

### III.  DISCUSSION

Prime Time moves for summary judgment arguing that plaintiffs are not covered by the FLSA and AMWA because they were not "employees" of Prime Times. Based on the stipulation of facts, it is hereby determined that plaintiffs were not "employees" as defined by the FLSA and AMWA and therefore summary judgment is granted on all claims.

Neither the FLSA nor the AMWA provide much guidance as to the parameters of the employer-employee relationship. *See Marshall v. Truman Arnold Dist. Co., Inc.*, 640 F.2d 906, 908 (8th Cir. 1981). In determining whether a worker is an "employee" under the FLSA, courts examine a number of factors, including (1) who has the right to control the manner in which work is performed, (2) who assumes the risk of loss or is rewarded if there is a profit, (3) who invests in the worker's equipment and materials required to perform the work, (4) who employs the worker's helpers, (5) what special skills does the worker possess, (6) the degree of permanence of the working relationship, and (7) whether the worker performs integral tasks of the business. *See e.g., id.*

Pursuant to the stipulation and the record herein, it appears that plaintiffs (1) exercised significant control over the manner in which their performances were conducted, (2) experienced certain risks of profit or loss beyond that which normal employees experience, (3) invested significantly in equipment and materials attendant to their performances while

there was no evidence of them investing directly in Prime Time's business or employing helpers in the process, (4) possessed and exhibited special skills with respect to their activities at the nightclub albeit none of the skills exhibited required a certification, and (5) did not exhibit a degree of permanence representative of employer-employee relationships, instead, enjoying the freedom to work for others, including Prime Time's competitors. All of these factors indicate that plaintiffs were not employees as defined by the FLSA. Further, in that the definition of "employee" found in the AMWA is similar to the one found in the FLSA, plaintiffs were not "employees" as defined by that act.

## IV.  CONCLUSION

For the reasons provided, Prime Time's motion for summary judgment [Doc. No. 86] is granted and plaintiffs' claims are hereby dismissed with prejudice. Furthermore, jurisdiction over the parties' disputes is retained to administer, supervise, construe, and enforce any and all settlement agreements and related releases of the parties, in or regarding this litigation, as well as this order.

IT IS SO ORDERED this 12th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE